### BARCUS v. WALKER, et al.
No. 4706.
Circuit Court, Lake County.
December 12, 1969.

Davis, McLin, Burnsed & Austin, Leesburg, and Billings & Frederick, Orlando, for plaintiff.

Howell, Kirby, Montgomery & D'Aiuto, Orlando, for defendant Christopher C. Walker.

Whittaker, Pyle & Wood, Orlando, for defendants Charles L. Hill, Crittenden Fruit Co. and Northern Assurance Company of America.

W. TROY HALL, Jr., Circuit Judge.

*Order granting amended motion to join:* This cause having been heard on December 8, 1969 on defendant Walker's amended motion to join the Commercial Union Insurance Company of New York, his liability insurance carrier, and the court having noted the plaintiff's objection to same in that the defendant had not complied with Rule 1.180, Florida Rules of Civil Procedure, and noting counsel for defendant Walker's argument that under Florida Rules of Civil Procedure 1.210(a), "Any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause." And the recent opinion of the Florida Supreme Court in Shingleton v. Bussey, 223 So.2d 713 (Fla.1969), stating at page 718 that, "It can hardly be denied that one of the fundamental goals of modern procedural jurisprudence is to secure a method of providing an efficient and expeditious adjudication of the rights of persons possessing adverse interests in a controversy. The liberal joinder provisions of 1.210(a), Florida Rules of Civil Procedure, acknowledges this policy . . . "

The court goes on at page 719, "A feasible approach to remedy the potential dangers inherent in the above described situations appears to be afforded by the joinder of the insurer. If joinder is allowed initially, all the cards are on the table and all interrelated claims and defenses can be heard and adjudicated reciprocally among all parties and the plaintiff will have the same initial right as insurer now avails itself against plaintiff to protect his rights against the insurer. In this manner the interests of all the parties and the concomitant right to expeditiously litigate the same in concert are preserved." The Supreme Court in *Shingleton* holds that the insurance company may be joined directly by the plaintiff and is a real party in interest.

The axiom, "What is sauce for the goose is sauce for the gander," readily applies to this situation and, therefore, it is ordered and adjudged that the amended motion to join defendant Walker's liability insurance company, the Commercial Union Insurance Company of New York, be and the same is hereby granted.